```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRUSTEES FOR THE MASON TENDERS                              :
DISTRICT COUNCIL WELFARE FUND,                              :
PENSION FUND, ANNUITY FUND, AND                             :
TRAINING PROGRAM FUND, et al.,                              :       18-CV-4878 (VSB)
                                                            :
                                  Petitioners,              :       OPINION & ORDER
                                                            :
                    -v-                                     :
                                                            :
DECENT GENERAL CONSTRUCTION                                 :
CORP.,                                                      :
                                                            :
                                  Respondent.               :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/2019

Appearance:

Haluk Savci
Mason Tenders District Council of Greater NY
New York, New York
*Counsel for Petitioners*

VERNON S. BRODERICK, United States District Judge:

      Before me is the petition of the Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and Robert Bonanza, as Business Manager of the Mason Tenders District Council of Greater New York (the "Union") to confirm and enforce an arbitration award against Decent General Construction Corp. (the "Company") pursuant to § 301(c) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. Because I find that there is no genuine issue as to any material fact and no indication in the record that any grounds for vacating or modifying the arbitration award exist, the petition is GRANTED and the arbitration award is confirmed.

I.       **Background and Procedural History**[1]

The Funds are employee benefit plans that "provide fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the [U]nion." (Pet. ¶ 1.) Each of the Funds is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Trust Agreements"). (*Id.*) At all relevant times, the Company was party to the NYC Agency Renovation & Rehab Project Labor Agreement (the "PLA") between various New York City agencies and the Building and Construction Trades Council of New York and Vicinity ("BCTC"). The Union is a member of the BCTC. Under the PLA, the Company agreed to be bound by the terms of the Trust Agreements. (*Id.* ¶ 6.) The PLA and the Trust Agreements require that the Company pay certain contributions to the Funds for all employees covered by the PLA. (*Id.* ¶ 7.) The PLA and Trust Agreements further permit the trustees of the Funds to take any legal action for the purpose of collecting unpaid benefits from the Company, including by commencing an arbitration. (*Id.* ¶ 8.)

In 2016, a dispute arose concerning the Company's failure to make fringe benefit and other contributions pursuant to the PLA for the period June 11, 2014 through March 31, 2016 (the "Audit Period"). (*Id.* ¶ 15.) On April 12, 2017, pursuant to the PLA and Trust Agreements, the Funds referred the dispute to Arbitrator Joseph Harris for arbitration. (*Id.* ¶ 16.) On April 12, 2017, the Funds forwarded a Notice and Demand for Arbitration to the Company. (*See* Savci Decl., Ex. 7.)[2] On April 25, 2017, the arbitrator sent an email to the Company notifying it of the

---

[1] The following facts are drawn from the Petition to Confirm Arbitration Award (the "Petition" or "Pet."), (Doc. 1), and the supporting evidence submitted by Petitioners, including the opinion and award of Arbitrator Joseph Harris in this matter (the "Award"), (*see id.* Ex. 1).

[2] "Savci Decl." refers to the Declaration of Haluk Savci, Esq. in support of the Petition, dated June 29, 2018. (Doc. 8.)

2

arbitration hearing, which was scheduled to start on May 15, 2017. (Pet. ¶ 16.) The arbitration hearing was held on May 15, 2017. (*Id.*) No representative appeared for the Company. (*Id.*) The Funds submitted evidence in support of their claim, including an auditor's report completed after a books and records of the Company were audited. (*Id.*) The report indicated that the Company owed the Funds a total of $10,286.45 in unpaid fringe benefit contributions, $377.74 in dues, $820.91 in current interest, $71.84 in shortages, and $1,519.22 in audit costs. (*Id.* ¶ 17.)

On June 3, 2017, the arbitrator issued his Award ordering the Company to pay the Funds a total of $17,217.98, constituting delinquent fringe benefit contributions, dues, current interest, shortages, audit costs, liquidated damages, attorney fees, and arbitration costs. (*Id.* ¶ 18.) Since the issuance of the Award, no payments have been made by the Company or any other party to Petitioners. (*Id.* ¶ 19.)

Petitioners commenced this action by filing the Petition on June 1, 2018. (Doc. 1.) On June 5, 2018, I entered a scheduling order directing Petitioners to file and serve any additional materials in support of the Petition by June 29, 2018, Respondent to serve any opposition by July 30, 2018, and Petitioners to file any reply by August 13, 2018. (Doc. 5.) Petitioners effected service of the Petition and my scheduling order on Respondent on June 8, 2018. (*See* Doc. 7.) On June 29, 2018, Petitioners timely filed a memorandum of law in support of the Petition and Declaration of Haluk Savci, Esq., with exhibits. (Docs. 8–9.) To date, Respondent has not answered the Petition or otherwise appeared in this case.

## II. **Legal Standards**

### A. *Labor Management Relations Act*

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y.*

*v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).

"Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-cv-6004-GHW, 2016 WL 7335672, at *2 (S.D.N.Y. Dec. 16, 2016) (internal quotation marks omitted). "Because the federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of arbitration awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (internal quotation marks and citation omitted). Thus, "barring exceptional circumstances—such as fraud or an arbitration decision that violates public policy—a reviewing court must confirm an arbitration award so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. A to E Inc.*, No. 16-cv-4455 (CM), 2018 WL 1737133, at *4 (S.D.N.Y. Mar. 20, 2018) (internal quotation marks omitted).

### B. *Summary Judgment*

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Instead, an unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary

4

judgment." *Id.* at 110. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* As with a motion for summary judgment, "[e]ven unopposed motions . . . must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). In other words, "the showing required to avoid confirmation is very high." *Id.*

### III. Discussion

#### A. *Confirmation of the Award*

No genuine issues of material fact exist in this case. In addition, there is no indication that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the PLA or Trust Agreements or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record demonstrates that the arbitrator based his award on undisputed evidence that the Company failed to make certain benefit contributions to the Funds, in violation of the PLA. The record also establishes that the arbitrator based his award of interest and various costs on the provisions of the PLA and related agreements. Accordingly, Petitioners' motion is granted and the Award is confirmed. *See, e.g., Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 7:13-cv-1925 (NSR), 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (confirming arbitration award brought under LMRA § 301 where respondent did not oppose petition and record supported arbitrator's

findings).

### B. *Post-Judgment Interest*

Petitioners also seek to recover post-judgment interest. (*See* Pet. ¶ 20.) "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered," including orders that confirm arbitration awards. *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship v. Windham Constr. Corp.*, No. 1:17-cv-4630 (VSB) (SDA), 2017 WL 9472944, at *4 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 2338790 (S.D.N.Y. May 22, 2018). Accordingly, Petitioners are entitled to post-judgment interest from the date of entry of the Court's judgment, at the rate provided for by 28 U.S.C. § 1961.

### IV. Conclusion

For the foregoing reasons, Petitioners' motion is GRANTED. The Award is confirmed, and the Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent in the amount of $17,217.98, plus post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: March 31, 2019
New York, New York

Vernon S. Broderick
United States District Judge